BRODIE, CH. J.

BULSARA, M.J.

F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR - 3 2022 ★

BROOKLYN OFFICE

DCP:AES/CMM/NMA
F. #2018R00769

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   - against -

DWAYNE GOLDEN,
GREGORY AGGESEN,
MARQUIS DEMACKING EGERTON,
   also known as "Mardy Eger,"
███████████ and
WILLIAM WHITE,

                      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. _____ 88

(T. 18, U.S.C., §§ 981(a)(1)(C), 982(a)(1),
982(b)(1), 1343, 1349, 1512(c)(1),
1512(c)(2), 1512(k), 1956(h), 1957(a), 2
and 3551 et seq.; T. 21, U.S.C., § 853(p);
T. 28, U.S.C., § 2461(c))

THE GRAND JURY CHARGES:

INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

I.   The Defendants and Relevant Entities

     1.    The defendant DWAYNE GOLDEN was a resident of Florida.

     2.    The defendant GREGORY AGGESEN was a resident of New York.

     3.    The defendant MARQUIS DEMACKING EGERTON, also known as

"Mardy Eger," was a resident of North Carolina.

     4.    ████████████████████████████████

     5.    The defendant WILLIAM WHITE was a resident of Pennsylvania.

     6.    "EmpowerCoin" and "ECoinPlus" were web-based companies in

operation from approximately April 2017 to July 2017.   EmpowerCoin was a company formed

by the defendants DWAYNE GOLDEN, MARQUIS DEMACKING EGERTON and █████

█████ that purported to offer cryptocurrency investments through its website.   In or about May 2017, EmpowerCoin changed its name to ECoinPlus.   ECoinPlus was operated by GOLDEN, EGERTON █████, and others, and purported to offer cryptocurrency investments through its website.

       7.    "Jet-Coin" was a web-based company in operation from approximately May 2017 to August 2017.   Jet-Coin was a company formed by the defendants DWAYNE GOLDEN, GREGORY AGGESEN, █████ and Co-Conspirator #1, an individual whose identity is known to the Grand Jury, that purported to offer cryptocurrency investments through its website and various promoters.

II.    <u>Relevant Terms and Definitions</u>

       8.    A "virtual currency," also known as a "cryptocurrency," was a currency circulated over the Internet as a form of value.   Virtual currency was a digital representation of value that could be digitally traded and functioned as (a) a medium of exchange; (b) a unit of account; and/or (c) a store of value, but did not have legal tender status.   In other words, virtual currencies were not issued by any government, bank or company, but were controlled through computer software operating via cryptographic technology and a large, decentralized, peer-to-peer network.

       9.    A "virtual currency exchange," also known as a "cryptocurrency exchange," was a business that functioned to allow customers to purchase, sell or trade virtual currencies, including for other forms of value, such as conventional fiat money (e.g., U.S. dollars, Russian rubles and euros).   Virtual currency exchanges could be brick-and-mortar

businesses (exchanging traditional payment methods and virtual currencies) or online businesses (exchanging electronically transferred money and virtual currencies).

10.     A "cryptocurrency wallet," also known as a "digital wallet," was an application that allowed cryptocurrency users to store and retrieve their digital assets.   Digital wallets could hold multiple cryptocurrencies.   Each digital wallet had a unique cryptographic address, which was used to facilitate transactions.

11.     Cryptocurrencies maintained ledgers, which tracked the amount of each cryptocurrency held by any given user.   Within that network, users could conduct cryptocurrency transactions amongst themselves in a secure, traceable manner.

12.     A "blockchain" was a type of distributed ledger, or peer-to-peer database spread across a network, that recorded all transactions in the network in theoretically unchangeable, digitally-recorded data packages called blocks.   Each block contained a batch of records of transactions, including a timestamp and reference to the previous block, linking the blocks together in a chain.   Many cryptocurrencies used blockchains to securely record transactions.

13.     Bitcoin was one form of cryptocurrency, which was created in 2009 and was the world's largest cryptocurrency by market capitalization.

III.     The Defendants' Criminal Schemes and Obstruction of Justice

A.     The Fraudulent Schemes

14.     In or about and between April 2017 and August 2017, the defendants DWAYNE GOLDEN, GREGORY AGGESEN, MARQUIS DEMACKING EGERTON and ███████, together with others, engaged in a series of fraudulent schemes in which thousands of investors were induced to invest in EmpowerCoin, ECoinPlus and Jet-Coin, based

on false promises that the investors' assets would be invested in Bitcoin, that Bitcoin would be traded by those companies on behalf of the investors and that the investors would earn large returns as a result of that trading activity. Investors were also promised additional returns for recruiting other investors. In truth, the assets were used to repay other investors or simply stolen, including by GOLDEN, AGGESEN, EGERTON and ███████, and the companies collapsed shortly after receiving the investors' assets, without the companies having engaged in trading activity.

15. The websites for EmpowerCoin, ECoinPlus and Jet-Coin were nearly identical and each made materially misleading statements to induce individuals to invest. For example, EmpowerCoin's, ECoinPlus's and Jet-Coin's respective websites each falsely promised that (i) investors would earn large and guaranteed returns, (ii) returns would be paid into investors' accounts every day, and (iii) trading professionals would generate returns through trading opportunities on various virtual exchanges.

16. The defendants DWAYNE GOLDEN, MARQUIS DEMACKING EGERTON and ███████ operated EmpowerCoin and ECoinPlus. Among other things, EGERTON registered the domain name for EmpowerCoin, ███████ registered the domain name for ECoinPlus, and GOLDEN and ███████ purchased the services of an internet network operating system company designed to improve website performance and security. The defendants GOLDEN, EGERTON and ███████ wrote and edited the fraudulent content for the EmpowerCoin and ECoinPlus websites and ███████, who developed and maintained the software used by the companies, uploaded the fraudulent content to the websites.

17. Similarly, the defendants DWAYNE GOLDEN, GREGORY AGGESEN, ███████ and Co-Conspirator #1 operated Jet-Coin. In or about April 2017, GOLDEN

approached AGGESEN and Co-Conspirator #1 about starting the company with GOLDEN and

███, and reported that ███ had already developed the software for the company.

AGGESEN and Co-Conspirator #1 agreed, and Co-Conspirator #1 registered the Jet-Coin

domain name. GOLDEN referred AGGESEN and Co-Conspirator #1 to, among other websites,

the EmpowerCoin and ECoinPlus websites for sample content. Co-Conspirator #1 wrote the

fraudulent content for the Jet-Coin website and provided that content to GOLDEN for editing

and review; ███, who developed and maintained the software for Jet-Coin, uploaded the

fraudulent content to the Jet-Coin website. GOLDEN, AGGESEN, ███ and Co-Conspirator

#1 all communicated regarding the fraudulent content posted on the website. AGGESEN also

spoke with various promoters and investors in an effort to encourage potential investors to invest

in Jet-Coin.

18.     Based upon these and other fraudulent misrepresentations, investors and

potential investors were encouraged to invest in EmpowerCoin, ECoinPlus and Jet-Coin with

either cash or Bitcoin. The investors who invested Bitcoin in any of these companies were

directed, either by the website or by a promoter, to transfer their Bitcoin to the respective

company by sending it to one of a number of different Bitcoin addresses.

19.     While certain investors initially received small payments from investor

funds purporting to be daily interest payments, many of the investors quickly noticed that they

were not receiving the returns that they had been promised. The defendants DWAYNE

GOLDEN, GREGORY AGGESEN, MARQUIS DEMACKING EGERTON and ███

were repeatedly made aware of customer complaints, including complaints about lack of returns

and access to EmpowerCoin's, ECoinPlus' and Jet-Coin's respective websites. Among others,

individuals employed by one of GOLDEN's other companies were tasked by GOLDEN with

responding to customer complaints.   Emails responding to customer complaints were also sent from █████████'s email address.

      20.     By approximately June 2017, following repeated complaints from investors, EmpowerCoin changed its name to ECoinPlus, and the defendants DWAYNE GOLDEN, MARQUIS DEMACKING EGERTON and ███████████ continued operating the fraudulent schemes under the new ECoinPlus name.   Notably, the websites for EmpowerCoin and ECoinPlus were nearly identical and each made materially misleading statements to induce victims to invest.

      21.     Similarly, in or about June 2017, in response to customer complaints, Jet-Coin attempted to relaunch the company's website.   Among other things, Jet-Coin sent out emails and messages via the Jet-Coin website to investors in which investors were informed that the company was no longer able to offer previously promised daily returns, but were instead promised 1% daily returns.   Investors were also told that their investments would double not in two months, but in six months.   When investors attempted to directly contact the company in which they had invested, investors were provided with a series of excuses, including that the website was suffering technical difficulties and had been hacked.   The defendant DWAYNE GOLDEN had final review of the content in the emails and messages sent to investors, and the defendant ███████████ set up an automated system for sending out messages to Jet-Coin investors.   The defendants GOLDEN, ███████, GREGORY AGGESEN and Co-Conspirator #1 operated Jet-Coin following the relaunch in the same manner as prior to the relaunch.

      22.     Instead of investing the money as promised, the defendants DWAYNE GOLDEN, GREGORY AGGESEN, MARQUIS DEMACKING EGERTON and ███████████ fraudulently misappropriated investor funds for their personal use.

7

23.     During its period of operation, in or about and between April 2017 and July 2017, EmpowerCoin and ECoinPlus received, collectively, approximately $23.2 million from investors.   During Jet-Coin's period of operation, in or about and between May 2017 and July 2017, it received approximately $21.7 million from investors.   The defendants DWAYNE GOLDEN, GREGORY AGGESEN, MARQUIS DEMACKING EGERTON, █████████, and Co-Conspirator #1 took investor proceeds before investors received payments purporting to be their promised daily returns.   GOLDEN and ██████ maintained exclusive access to the Bitcoin from investors and often siphoned Bitcoin funds off the top before paying any investors.

B.     The Obstruction of Justice

24.     In or about and between July 2017 and the date of this Indictment, the defendants DWAYNE GOLDEN, GREGORY AGGESEN and WILLIAM WHITE, together with others, conspired to obstruct, and attempted to obstruct, a Federal Trade Commission ("FTC") investigation and a federal criminal grand jury investigation into the fraudulent schemes.

25.     In or about July 2017, as Jet-Coin was collapsing, the defendants DWAYNE GOLDEN and GREGORY AGGESEN discussed what to do if they were approached by agents from the Federal Bureau of Investigation (the "FBI").   Specifically, AGGESEN asked GOLDEN for guidance on how to handle the FBI if he was approached by FBI agents and questioned about Jet-Coin.

26.     Thereafter, as part of an investigation into Jet-Coin, in or about February 2018, the FTC filed a complaint in a civil proceeding in the United States District Court for the Southern District of Florida (the "FTC Proceeding").

27.     As part of the FTC Proceeding, on or about June 5, 2018, the FTC served the defendant GREGORY AGGESEN with a civil subpoena, seeking testimony and documents related to Jet-Coin.   The subpoena demanded that the requested documents be provided to the FTC in New York, New York.

28.     In or about June 2018, the defendant WILLIAM WHITE, at the request of the defendants DWAYNE GOLDEN and GREGORY AGGESEN, erased information related to Jet-Coin from AGGESEN's laptop.   In June 2018, acting on AGGESEN's behalf, WHITE sent a laptop to the FTC purporting to be AGGESEN's laptop, which was delivered to the FTC in New York, New York, on or about June 26, 2018.   A forensic examination of this laptop revealed that it had been tampered with and information had been deleted.

29.     In addition, between approximately March 2019 and April 2019, the defendant WILLIAM WHITE directed a series of communications to an attorney for the FTC that contained falsehoods and were specifically designed to obstruct any investigation into Jet-Coin and prevent the deposition of the defendant GREGORY AGGESEN.   Ultimately, the FTC decided not to pursue AGGESEN's deposition.

30.     The FTC Proceeding was resolved by settlement and the matter was closed in November 2019.

31.     The defendants DWAYNE GOLDEN, GREGORY AGGESEN and WILLIAM WHITE erased information from AGGESEN's laptop, not only to obstruct the FTC Proceeding, but, also, in anticipation of a criminal investigation.   In or about June 2018, around the time that WHITE was erasing information from the laptop, AGGESEN sent a message to Co-Conspirator #1 stating that the laptop needed to be erased before law enforcement searched his

house.   In another message, AGGESEN told Co-Conspirator #1 that GOLDEN and WHITE advised him that law enforcement would need a court order to review his cellular telephone.

      32.    On or about June 17, 2021, FBI Special Agents served the defendant GREGORY AGGESEN with a grand jury subpoena for, among other things, any and all records related to EmpowerCoin, ECoinPlus and Jet-Coin.   On or about July 27, 2021, the defendant WILLIAM WHITE made materially false and misleading statements that were provided to the United States Attorney's Office for the Eastern District of New York, on behalf of AGGESEN, in response to a Federal Grand Jury's subpoena for documents from AGGESEN.

COUNT ONE
(Conspiracy to Commit Wire Fraud)

      33.    The allegations contained in paragraphs one through 32 are realleged and incorporated as if fully set forth in this paragraph.

      34.    In or about and between April 2017 and August 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DWAYNE GOLDEN, GREGORY AGGESEN, MARQUIS DEMACKING EGERTON, also known as "Mardy Eger," and ███████, together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud investors and potential investors in web-based virtual currency companies, including EmpowerCoin, ECoinPlus and Jet-Coin, and to obtain money and property from such investors by means of one or more materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds, contrary to Title 18, United States Code, Section 1343.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

## COUNT TWO
(Wire Fraud – EmpowerCoin/ECoinPlus)

35.     The allegations contained in paragraphs one through 32 are realleged and incorporated as if fully set forth in this paragraph.

36.     In or about and between April 2017 and August 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DWAYNE GOLDEN, MARQUIS DEMACKING EGERTON, also known as "Mardy Eger," and ███████, together with others, did knowingly and intentionally devise a scheme and artifice to defraud one or more investors and potential investors, to wit: investors and potential investors in the web-based virtual currency companies EmpowerCoin and ECoinPlus, and to obtain money and property from them by means of one or more materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, transmitted and caused to be transmitted by means of wire communication in interstate commerce, one or more writings, signs, signals, pictures and sounds.

(Title 18, United States Code, Sections 1343, 2 and 3551 et seq.)

## COUNT THREE
(Wire Fraud – Jet-Coin)

37.     The allegations contained in paragraphs one through 32 are realleged and incorporated as if fully set forth in this paragraph.

38.     In or about and between April 2017 and August 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DWAYNE GOLDEN, GREGORY AGGESEN and ███████, together with others, did knowingly and intentionally devise a scheme and artifice to defraud one or more investors and potential investors, to wit: investors and potential investors in the web-based

virtual currency company Jet-Coin, and to obtain money and property from them by means of one or more materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, transmitted and caused to be transmitted by means of wire communication in interstate commerce, one or more writings, signs, signals, pictures and sounds.

(Title 18, United States Code, Sections 1343, 2 and 3551 et seq.)

COUNT FOUR
(Conspiracy to Commit Money Laundering – Promotion)

39.     The allegations contained in paragraphs one through 32 are realleged and incorporated as if fully set forth in this paragraph.

40.     In or about and between April 2017 and August 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DWAYNE GOLDEN, GREGORY AGGESEN, MARQUIS DEMACKING EGERTON, also known as "Mardy Eger," and ███████, together with others, did knowingly and intentionally conspire to conduct one or more financial transactions in and affecting interstate commerce, which in fact involved the proceeds of specified unlawful activity, to wit: wire fraud and conspiracy to commit wire fraud, in violation of Title 18, United States Code, Sections 1343 and 1349, respectively, knowing that the property involved in the transactions represented the proceeds of some form of unlawful activity, and knowing that the transactions were designed in whole and in part to promote the carrying on of specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(A)(i).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

## COUNT FIVE
### (Conspiracy to Commit Money Laundering – Concealment)

41.     The allegations contained in paragraphs one through 32 are realleged and incorporated as if fully set forth in this paragraph.

42.     In or about and between April 2017 and the date of this Indictment, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DWAYNE GOLDEN, MARQUIS DEMACKING EGERTON, also known as "Mardy Eger," and ███████, together with others, did knowingly and intentionally conspire to conduct one or more financial transactions in and affecting interstate commerce, which in fact involved the proceeds of specified unlawful activity, to wit: wire fraud and conspiracy to commit wire fraud, in violation of Title 18, United States Code, Sections 1343 and 1349, respectively, knowing that the property involved in the transactions represented the proceeds of some form of unlawful activity, and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of the specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(B)(i).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

## COUNT SIX
### (Money Laundering – Unlawful Monetary Transactions)

43.     The allegations contained in paragraphs one through 32 are realleged and incorporated as if fully set forth in this paragraph.

44.     In or about and between April 2017 and August 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DWAYNE GOLDEN, GREGORY AGGESEN, MARQUIS DEMACKING EGERTON, also known as "Mardy Eger," and ███████, together with others, did

knowingly and intentionally engage and attempt to engage in monetary transactions, in and affecting interstate commerce, in criminally derived property that was of a value greater than $10,000 and that was derived from specified unlawful activity, to wit: wire fraud and conspiracy to commit wire fraud, in violation of Title 18, United States Code, Sections 1343 and 1349, respectively, knowing that the property involved in such monetary transactions represented the proceeds of some form of unlawful activity.

(Title 18, United States Code, Sections 1957(a), 2 and 3551 et seq.)

COUNT SEVEN
(Conspiracy to Obstruct Justice)

45. The allegations contained in paragraphs one through 32 are realleged and incorporated as if fully set forth in this paragraph.

46. In or about and between July 2017 and the date of this Indictment, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DWAYNE GOLDEN, GREGORY AGGESEN and WILLIAM WHITE, together with others, did knowingly, intentionally and corruptly conspire to obstruct, influence and impede an official proceeding, to wit: the FTC Proceeding and a Federal Grand Jury investigation in the Eastern District of New York into the offenses charged in Counts One through Six, contrary to Title 18, United States Code, Section 1512(c)(2).

(Title 18, United States Code, Sections 1512(k) and 3551 et seq.)

COUNT EIGHT
(Obstruction of Justice – The FTC Proceeding)

47. The allegations contained in paragraphs one through 32 are realleged and incorporated as if fully set forth in this paragraph.

48.     In or about and between June 2018 and November 2019, both dates being approximate and inclusive, within the Southern District of New York and the Middle District of Pennsylvania, the defendants DWAYNE GOLDEN, GREGORY AGGESEN and WILLIAM WHITE, together with others, did knowingly, intentionally and corruptly obstruct and impede, and attempt to obstruct and impede, an official proceeding, to wit: the FTC Proceeding.

(Title 18, United States Code, Sections 1512(c)(2), 2 and 3551 et seq.)

## COUNT NINE
(Obstruction of Justice – The Federal Grand Jury Investigation)

49.     The allegations contained in paragraphs one through 32 are realleged and incorporated as if fully set forth in this paragraph.

50.     In or about and between July 2017 and the date of this Indictment, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DWAYNE GOLDEN, GREGORY AGGESEN and WILLIAM WHITE, together with others, did knowingly, intentionally and corruptly obstruct and impede, and attempt to obstruct and impede an official proceeding, to wit: a Federal Grand Jury investigation in the Eastern District of New York into the offenses charged in Counts One through Six.

(Title 18, United States Code, Sections 1512(c)(2), 2 and 3551 et seq.)

## COUNT TEN
(Obstruction of Justice: Tampering With Evidence – The FTC Proceeding)

51.     The allegations contained in paragraphs one through 32 are realleged and incorporated as if fully set forth in this paragraph.

52.     In or about and between June 2018 and November 2019, both dates being approximate and inclusive, within the Southern District of New York and the Middle District of Pennsylvania, the defendants DWAYNE GOLDEN, GREGORY AGGESEN and WILLIAM

WHITE, together with others, did knowingly, intentionally and corruptly alter, destroy, mutilate and conceal and attempt to alter, destroy, mutilate and conceal one or more records, documents and objects, to wit: AGGESEN's laptop and the files, communications and images contained thereon, with the intent to impair the availability of the laptop for use in an official proceeding, to wit: the FTC Proceeding.

(Title 18, United States Code, Sections 1512(c)(1), 2 and 3551 et seq.)

COUNT ELEVEN
(Obstruction of Justice: Tampering With Evidence – The Federal Grand Jury Investigation)

53.  The allegations contained in paragraphs one through 32 are realleged and incorporated as if fully set forth in this paragraph.

54.  In or about and between July 2017 and the date of this Indictment, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DWAYNE GOLDEN, GREGORY AGGESEN and WILLIAM WHITE, together with others, did knowingly, intentionally and corruptly alter, destroy, mutilate and conceal and attempt to alter, destroy, mutilate and conceal one or more records, documents and objects, to wit: AGGESEN's laptop and the files, communications and images contained thereon, with the intent to impair the availability of the laptop for use in an official proceeding, to wit: a Federal Grand Jury investigation in the Eastern District of New York into the offenses charged in Counts One through Eight and Ten.

(Title 18, United States Code, Sections 1512(c)(1), 2 and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS ONE THROUGH THREE

55.  The United States hereby gives notice to the defendants charged in Counts One through Three that, upon their conviction of any such offenses, the government will seek

forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 18, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property, real or personal, constituting or derived from proceeds obtained directly or indirectly as a result of such offenses.

56.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third party;

(c)    has been placed beyond the jurisdiction of the court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION
### AS TO COUNTS FOUR THROUGH SIX

57.    The United States hereby gives notice to the defendants charged in Counts Four through Six that, upon their conviction of any such offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), which requires any

17

person convicted of such offenses to forfeit any property, real or personal, involved in such offenses, or any property traceable to such property.

58.     If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided

without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(1) and 982(b)(1); Title 21, United States Code, Section 853(p))

A TRUE BILL

_Thomas Pardo_
FOREPERSON

_Breon Peace_
BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#: 2018R00769
FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

*vs.*

DWAYNE GOLDEN, GREGORY AGGESEN, MARQUIS DEMACKING
EGERTON, also known as "Mardy Eger," and ███████,

Defendants.

## INDICTMENT

(T. 18, U.S.C., §§ 981(a)(1)(C), 982(a)(1), 982(b)(1), 1343, 1349,
1512(c)(1), 1512(c)(2), 1512(k), 1956(h), 1957(a), 2 and 3551 et seq.;
T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____
*Foreperson*

*Filed in open court this* _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ *day,*

*of* _ _ _ _ _ _ _ _ _ _ _ _ _ *A.D. 20* _ _ _ _ _

_____
*Clerk*

*Bail.* $ _ _ _ _ _ _ _ _ _ _ _

_____

*Alexandra E. Smith, Catherine M. Mirabile and Nicholas M. Axelrod*
*Assistant U.S. Attorneys*